Argued December 18, 1912; decided January 7, 1913.

### KINCART v. SHAMBROOK.*

(128 Pac. 1003.)

**Brokers—Employment—Necessity of Writing.**

1. A parol agreement binding defendant to pay plaintiff a specified sum on plaintiff's foregoing his opportunity to convey

---

*As to the power of the legislature to require contracts for commissions for finding a purchaser for real estate to be in writing, see note in 33 L. R. A. (N. S.) 973; and as to power of legislature to prohibit offering another's real estate for sale without written authority, see note in 12 L. R. A. (N. S.) 707.

On the question of necessity that agent's authority to purchase or sell real property be in writing, to enable him to recover compensation for his services, see note in 9 L. R. A. (N. S.) 933.          REPORTER.

his farm to a third person, and giving defendant an opportunity to convey his property to the third person, but not requiring plaintiff to make any active effort to induce the third person to purchase defendant's property, is not within Section 808, subd. 8, L. O. L., requiring an agreement employing a broker to sell or purchase real estate to be in writing signed by the party to be charged and expressing the consideration.

**Evidence—Admissions—Pleadings—Effect.**

2. Where the original complaint is superseded by an amended complaint, the original complaint introduced in evidence by defendant is but an admission against interest.

**Trial—Construction of Documents in Evidence as Admissions— Duty of Court—Requests.**

3. The duty of the court to construe pleadings, deeds, and contracts, and to state their legal effect, does not extend to the construction of documents introduced in evidence merely as admissions against interest, in the absence of any request for such construction.

**Appeal and Error—Objection Below—Sufficiency.**

4. A general exception to an instruction that the original complaint, though superseded by an amended complaint, being introduced in evidence, may be considered to determine the facts, and any explanation given as to the statement in the complaint to determine whether the facts are as alleged therein does not amount to a notice to the court that an instruction construing the complaint is desired, and the objection that the court should have construed the complaint is not available on appeal.

From Douglas: JAMES W. HAMILTON, Judge.

Statement by MR. CHIEF JUSTICE MCBRIDE.

This is an action by F. E. Kincart and John Siren, partners, as Kincart & Siren against J. L. Shambrook to recover the sum of $850 alleged to be due plaintiff upon a contract which is set forth in the complaint in the following terms:

"That on or about the 15th day of August, 1909, and while said plaintiffs were so engaged as aforesaid, they had a customer by the name of D. E. Roberts, of Tacoma, Washington, who was negotiating with the plaintiffs for the purchase of a certain tract of land which plaintiffs

had for sale. The defendant, knowing that the plaintiffs had the said customer and being desirous of trading his 200-acre farm situate about one mile below the Umpqua ferry, Douglas County, Oregon, and known as the Dave Shambrook place, for the said D .E. Roberts' 36-room apartment house, designated by 1213 North J. Street, in the City of Tacoma, State of Washington, came to the plaintiffs and offered them $850 for their said customer D. E. Roberts, provided the said defendant consummated a trade of his said farm with the said D. E. Roberts for his said apartment house. That, in consideration of the offer and promise aforesaid, the plaintiffs surrendered their said customer D. E. Roberts to the defendant, J. L. Shambrook, and canceled their negotiations with the said Roberts for the sale to him of the lands they had for sale, and allowed the defendant to take up negotiations with the said Roberts for the trade as aforesaid. That the defendant, J. L. Shambrook, succeeded in making the trade of his 200-acre farm to the said D. E. Roberts for the said D. E. Roberts' said 36-room apartment house, and that by reason thereof the defendant owes to the plaintiffs the agreed sum of $850. That the defendant has not paid the same, nor any part thereof, though long past due and payable and payment duly demanded, and that there is now due and owing and unpaid by reason of said transaction from the defendant to the plaintiffs the sum of $850, with interest thereon from January 5, 1910."

There was a general denial, and upon the trial plaintiffs introduced evidence tending to show that they were negotiating with one D. E. Roberts of Tacoma, Washington, to trade 480 acres of land situated in Douglas County for a rooming house owned by Roberts in Tacoma; that Shambrook, the defendant, becoming aware of this, offered plaintiffs $850 if they would cease their efforts to trade the 480 acres to Roberts, and turn the said Roberts over to him, if by that means he succeeded in trading to Roberts a 200-acre farm owned by Shambrook; that plaintiffs agreed to this, and wrote Roberts directing his attention to the Shambrook place, recommending the trade and subsequently took Roberts to Shambrook, who per-

sonally showed him the property and succeeded in making the trade. The agreement between plaintiffs and defendant was wholly oral. The defendant's counsel objected to oral evidence of the agreement between plaintiffs and defendant on the ground that it was void under subdivision 8, Section 808, L. O. L., which requires an agreement, or some memorandum thereof, to be in writing signed by the party to be charged and expressing the consideration, where it provides for "authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission." At the conclusion of plaintiffs' testimony, a motion for nonsuit was made by defendant and overruled, and at every subsequent stage of the case this objection was seasonably urged. The jury found for plaintiffs, and from the judgment on such verdict defendant appeals.                    AFFIRMED.

For appellant there was a brief over the names of *Messrs. Coshow & Rice*, with an oral argument by *Mr. Dexter Rice*.

For respondents there was a brief and an oral argument by *Mr. Commodore S. Jackson*.

Opinion by MR. CHIEF JUSTICE McBRIDE.

1. While the question before us is not without difficulty, we do not think that the agreement is within the section of the statute quoted above. There was no agreement by plaintiffs to trade, or attempt to trade, Shambrook's land for Roberts' house. The plaintiffs had found in Roberts a prospective customer for their 480 acres of land, and Shambrook, learning that Roberts was disposed to trade for land in that vicinity, was willing to pay $850 if plaintiffs would forego their chances to make such a trade, and give him an opportunity to trade his land instead. He did not stipulate for any active effort on the part of plaintiffs further than to sell him their chances. They owed him no duty to even recommend the trade, and, if they

did so, such action was voluntary on their part, and did not·make them brokers or agents for Shambrook. Under the agreement, they had no authority to sell or trade, and the evidence indicates that beyond ceasing the'r efforts to trade their own property they did nothing except to introduce the parties and state Mr. Shambrook's·desires in the matter. It is possible, and even probable, that if they had declined Shambrook's proposal, and had actively pressed the trade they were negotiating for the 480 acres, they might have succeeded in closing it. It was a prospect of some possible value, and they had a right to contract for compensation for relinquishing it. The original complaint filed in this action was introduced in evidence as an admission that plaintiffs had contracted to act as brokers for the defendant in consummating the trade, and such would seem to be its legal effect. The court in its instruction respecting this document used the following language: :

"As I stated to you, there has been introduced the original complaint of the plaintiffs, and you have a right to consider what was said in that complaint for the purpose of determining what the real facts are in the case; also, any explanation that may have been given as to the statement contained in the complaint, as to determining whether or not the facts are as alleged in their complaint, or whether this was an engagement as real estate brokers and endeavoring to collect a commission. As I stated to you, a commission cannot be collected if that was the agreement between the parties, as that agreement would have to be in writing, and it is not claimed that it was."

There was a general exception taken to this instruction, and it is now claimed that it was error to submit to the jury the construction of the complaint, but that the court should have construed it, and stated to the jury its legal effect.

2, 3. The original complaint introduced had been superseded by an amended complaint, and was therefore no

longer a pleading in the case. It was introduced just as plaintiffs' letters were introduced, merely as containing admissions contrary to plaintiffs' present contentions; and while it was the duty of the court to construe pleadings, deeds, and contracts, and to state their legal effect, we do not think that such duty extends to the construction of documents introduced merely as admissions against interest where no request is made for such construction.

4. The instruction was good so far as it went, and while the court, if requested, might have gone farther and told the jury that the complaint, taken as a whole, amounted to an admission that plaintiffs were acting as brokers for defendant when the trade was consummated, we think that there was no error in its failing to do so under the circumstances. The exception to the charge was general, and did not notify the court that the counsel desired further instructions construing the document, and, the instruction being correct in point of law so far as it went, the objection taken cannot avail the defendant.

The judgment is affirmed.          AFFIRMED.