[Civ. No. 1679.     Second Appellate District.—November 16, 1917.]

## GEORGE H. CRAM, Appellant, v. H. H. McNEIL, Respondent.

CONTRACTS—EMPLOYMENT OF REAL ESTATE BROKER—ORAL CONTRACT— SECTION 1624, CIVIL CODE.—A contract under which a party agrees to furnish another party with the name of a person who will likely purchase his property, in consideration of which the latter agrees to pay the former a commission, comes within subdivision 6 of section 1624 of the Civil Code, and where it is not in writing it is invalid.

ID.—COMMISSION—WHEN EARNED.—An agent or broker earns his right to a commission when he has either produced to his principal a person ready and willing to enter into a contract upon the terms proposed by the principal, or has produced to his principal a binding contract or offer to contract which the principal accepts.

APPEAL from a judgment of the Superior Court of Los Angeles County. Willis I. Morrison, Judge.

The facts are stated in the opinion of the court.

George H. Woodruff, and Clyde C. Shoemaker, for Appellant.

Bert Campbell, and Willoughby Rodman, for Respondent.

JAMES, J.—Appeal by the plaintiff from a judgment entered in favor of defendant.

As foundation for his suit plaintiff alleged the making of an oral contract under which defendant agreed to pay to plaintiff and one Norris a sum of money. The trial judge found all of the facts in favor of plaintiff, but as a conclusion of law determined that the contract was void because it was in violation of subdivision 6 of section 1624 of the Civil Code, that being one of the subdivisions of the statute of frauds. In the section referred to it is provided that certain contracts are invalid unless some note or memorandum thereof is in writing and subscribed by the party to be charged or his agent, including: 6. "An agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission." We quote from the findings of fact:

"That on the twenty-eighth day of November, 1913, the plaintiff and one Harry C. Norris had knowledge of the fact that a certain person in Los Angeles, California, was desirous of buying a small improved ranch, with dwelling-house thereon, and had been informed that such person was able and willing to pay cash for any property that he might determine to buy; that plaintiff and the said Norris also had information at said time that such person would not negotiate the purchase of any property through any real estate agent or agency.

"That on the said twenty-eighth day of November, the defendant was the owner of a ranch located one and one-fourth miles from the Santa Ana car line and due north of Garden Grove Station on the Anaheim-Long Beach oiled road in Orange county, state of California, . . . ; and that the plaintiff and said Norris knew, at said time, that the defend-

ant was offering said ranch for sale through and by reason of a circular published by the defendant. . . .

"That on the said twenty-eighth day of November, the plaintiff and said Norris told the defendant that they knew of a person desiring to purchase for cash a small improved ranch, and they also informed defendant, at said time, that they believed that defendant's said ranch would suit such person, but that it would be useless for the plaintiff and said Norris, or either of them, to show or undertake to negotiate a sale of the defendant's said property to the person to whom they referred, for the reason that said person would not deal with or purchase property through any real estate agent or agency; that thereupon, and on the said twenty-eighth day of November, at the city of Los Angeles, in said Los Angeles county, the defendant orally promised and agreed to and with the plaintiff and the said Norris, that in consideration of the plaintiff and the said Norris putting the defendant in possession of information as to the identity and residence of such person, that he, the defendant, would personally endeavor to sell his said twenty-acre ranch to such person, and in case he should make a sale thereof to such person, then he, the defendant, would pay the plaintiff and the said Norris for such information a commission equal to five per cent of any price at which he, the defendant, might sell his said ranch to such person, and the plaintiff and said Norris, in consideration of the said promise of the defendant, orally promised and agreed to put the defendant in possession of the said information; and the court finds that said agreement between the plaintiff and said Norris and the defendant was oral and not in writing.

"That thereafter, and pursuant to the said oral agreement, the plaintiff and said Norris, at the said city of Los Angeles, gave to the defendant the name and residence of one Frank Meier, being the person whom the plaintiff and said Norris knew was desirous of buying for cash a small improved ranch, as hereinbefore set forth; and that thereafter the defendant dealt and negotiated with the said Frank Meier, and thereafter, and before the commencement of this action, the defendant sold his said ranch to the said Meier, at the price of sixteen thousand dollars ($16,000)."

The findings further recite that no writing had been made evidencing the contract, and that payment of the amount of

plaintiff's claim had been demanded and refused. A further finding appeared as to the assignment of the interest of Norris to this plaintiff.

It is the contention of the appellant that the contract as made was not a contract employing an agent or broker to purchase or sell real estate; that the contract as made involved no services to be rendered by any such agent or broker, and provided merely for the sale of certain information to the defendant by which a buyer for the defendant's property was secured through the efforts of the defendant. The case of *Kincart* v. *Shambrook*, 64 Or. 27, [128 Pac. 1003], is cited in support of the contention made by appellant. In the case cited it appeared that plaintiffs there, owning certain property and desiring to sell it and having then under way, with the prospect of successful conclusion, negotiations with a prospective customer, were induced by the offer of that defendant, who proposed to pay them $850, to relinquish their efforts and the attempt to make a deal with their customer in order that the defendant might have an opportunity to sell his land to the proposed customer. It will appear from this statement that that case on its facts is quite readily distinguished from this one. There the plaintiffs gave up a valuable prospect, that of disposing of their own property, in order that the defendant might profit thereby. In no particular did the plaintiffs there find a purchaser for the defendant. The contract as proposed to them by the defendant was not that they should furnish him with the name of the person with whom they were dealing (for the defendant knew that already), but that they should relinquish their efforts in the direction of attempting to dispose of their own property. The facts in this case, as they appear from the findings of the court, are that the plaintiff and his assignor sought the defendant and agreed to furnish him with the name of a person who would likely purchase his property, in consideration that he would pay them a commission. We are unable to distinguish these facts from a case where, had the defendant sought the plaintiffs in the first instance and requested them to find a purchaser for his property, and they had made efforts so to do and had finally furnished defendant with the name of a person whom they considered a likely customer. An agent or broker earns his right to a commission when he has either produced to his principal a person ready and willing to enter

into a contract upon the terms proposed by the principal, or has produced to his principal a binding contract or offer to contract which the principal accepts. To be sure, it is the duty of an agent to exert himself to bring the parties together, but if the client is satisfied, as was the case here, to have the means furnished him by which he may himself make his deal with the opposite party, then the person acting as the intermediary is as fully an agent or broker, within the meaning of subdivision 6 of section 1624 of the Civil Code, as though he had actually produced the proposed purchaser before his principal. The services as found by the court to have been performed by the plaintiff were services naturally and necessarily incident to the performance of a contract of an agent or broker employed to sell real estate. We think that the determination of the case as made by the trial court was in accordance with the requirement of the statute.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.